### WEBSTER'S CASE.

An indictment not certified to be "*a true bill*," though signed by the fore-
man of the grand jury, is bad.

THE indictment in this case, which was found in the Common
Pleas, for an assault and battery, was drawn and certified in the usual
form, except that at the bottom of the indictment, and immediately
before the signature of the foreman of the grand jury, the words " *a
true bill*" were omitted.   And after conviction, the defendant moved
in arrest of judgment, for that there was no legal evidence that the
indictment was a true bill.

The *Attorney General* and *Godfrey*, for the State.

*Gilman*, *McGaw* and *Greenleaf*, for the defendant.

MELLEN C. J. delivered the opinion of the Court.

The objection to the indictment in this case is, that, though it is
signed by the foreman of the grand jury, his signature is not preceded
by the usual words, " a true bill."   On account of this omission, the
motion in arrest of judgment under consideration, was filed ; and we
are now to decide whether it is sustainable on legal principles.   Our
course of proceedings in relation to the finding of indictments, is dif-
ferent from that pursued in England, and of course no cases similar
to the present are to be found in the decisions of their courts.   Ac-
cording to the practice there, indictments are drawn and preferred to
the grand jury in the name of the king, but at the suit of any private
prosecutor.   When they have heard the evidence, if they think it a
groundless accusation, they indorse on the back of the bill, " not a
true bill," or " not found."   If they are satisfied of the truth of the
accusation, they indorse upon it " a true bill;" and the indictment is
then said to be found ; and the party then stands indicted. · 4. *Bl.
Com.* 303. 306.   In Massachusetts, and this State, the customary

practice is, after a complaint is made to the grand jury, for them to hear the evidence in support of it; and if they agree to find a bill, an indictment is thereupon drawn by the Attorney General, or County Attorney, in legal form, against the party accused, describing the offence of which they accuse him; when delivered to them it is signed in the customary manner by the foreman, thus, "A true bill. A. B. Foreman." It is afterwards, in the presence of the jury, and in open court, presented to the clerk and regularly placed on the files. It is believed, and seems to have been admitted, that such has been the uniform practice from time immemorial. In England, we presume, an indictment must be found and certified in the manner before mentioned, or it would not be sanctioned as legal; because such is their settled practice, and such their common law on the subject. The same reasoning leads to the conclusion, that the long, uninterrupted and uniform practice in the parent commonwealth, and continued in this State, which we have also mentioned, may justly be considered as our common law on the subject; and there is as much propriety in adhering to settled usage in one case, as in the other. There is no use in changing proceedings, especially in those instances where the change would disturb those particulars which have acquired the character of essentials and legal principles; and that, too, in criminal prosecutions. It is a well established doctrine that none of the statutes of *jeofails* extend to indictments, or proceedings in criminal cases. A defective indictment is not cured by verdict. 7. *Dane.* ch. 221. a. 17. s. 10. If the omitted words, "A true bill," are necessary to render the indictment good and legal, then the defendant's objection is as available to him on a motion in arrest of judgment, as it could have been in any earlier stage of the cause. The verdict has not cured the defect. The legal evidence that an indictment has been regularly found by the grand jury, has uniformly been deemed to consist in two particulars; 1. the certificate that it is a true bill; 2. the signing of this certificate by the foreman, in his official capacity. In the case before us, this certificate is wanting. When the foreman signs a bill as foreman, with the certificate, or the words, "A true bill," prefixed, he evidently professes to act as the

55

proper organ of the grand jury ; but when the words, which we call a certificate, are not prefixed, the signature of the foreman does not necessarily import any thing more than his own opinion. Of what use would be the name of the register of deeds at the foot of a paper, said to be a copy of a recorded deed, if unaccompanied by an attestation that it is a true copy of record ? His mere name, though signed officially, would not make the paper legal evidence. A verdict in a civil action is always signed by the foreman officially, thus, " A. B." foreman ;" but the court never considers that as sufficient of itself ; for when the verdict is affirmed, the assent of each juror is given in open court ; and it cannot be affirmed without it. In fact, in the case of indictments, had not immemorial and uniform usage established it as common law in England and in this State, that the attestation of the foreman, in the manner before mentioned, should be legal evidence of the truth of the bill, it would be necessary for each member of the grand jury, who voted in favor of the bill, to sanction it as true, by his own individual signature ; but such a mode of proceeding would disclose the opinions of the jurors for and against a bill, and thereby often lead to unpleasant and injurious consequences. We are not disposed to change the course of practice, or introduce any new principles in regard to the subject under consideration. It is true, that this decision may seem to favor form more than substance ; but we must remember that in criminal proceedings, more strictness has always been applied, than in civil, as we have observed respecting the statutes of *jeofails*. If we in one instance dispense with a compliance with established forms, in cases of indictment, we may and probably must, in others, when no good reason can be assigned for commencing the innovation. It is well settled, that the word " murder," in an indictment for murder, and the word " burglariously," in an indictment for burglary, are essential in the description of those offences ; an indictment would be bad without them, though it contained a description of the offence in the very terms which are employed in an accurate definition of it. No court, however, would sustain an indictment so informal, though every man must, at first view,

know what was the meaning of the grand jury, in the descriptive lan-
guage used by them.

We are all of opinion that the motion must prevail; and accord-
ingly the                                           *Judgment is arrested.*